STATE OF MISSISSIPPI *v.* DAVID V. RICHARDSON.

CRIMINAL LAW. *Enticing servants. Contract by mother of infant. Code*
1892, § 1068. *Laws* 1900, *ch.* 102, *p.* 140.

> The enticing away of an infant servant, whose mother had made
> a contract for her services to another for a year, is not an
> offense within Code 1892, § 1068, as amended Laws 1900, ch.
> 102, p. 140.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Richardson, the appellee, was tried for enticing a laborer
to leave her employer, and from a judgment of acquittal the
state appealed to the supreme court.

*William Williams,* attorney-general, for appellant.

No counsel appeared for appellee.

Cox, J., delivered the opinion of the court.

David V. Richardson was tried in the circuit court, having appealed from a conviction in the justice's court, on an affidavit which charged that said Richardson did on or about the 15th day of August, 1903, willfully interfere with, entice away, and knowingly employ Mary Jane Dilworth, a laborer, to leave her employer, Bert Coleman, with whom she had contracted to make and gather a crop during the year 1903, before the expiration of the contract, and that she left her employer without his leave or consent. The evidence conclusively established that Mary Jane Dilworth was a minor, eighteen years of age; that she herself had made no contract with Coleman; that she had been hired to Coleman by Bettie Dilworth, her mother and natural guardian, who contracted for herself and three minor children, including Mary Jane; that defendant, Richardson, before the expiration of the contract made with Bettie Dilworth for the service of Mary Jane, and with notice thereof, obtained permission of Bettie Dilworth to take Mary Jane to his home, in Prentiss county, and carried her (Mary Jane), she consenting thereto, to his home, to stay with his wife, where she remained until after the time had expired for which she had been hired by Coleman; and that this was without the consent of Coleman. It is manifest that every element of the offense charged was established, except the contract by Mary Jane Dilworth with Coleman, and that the learned judge directed a verdict for defendant because he held, as a matter of law, that a contract made by the natural guardian of a minor, hiring a minor for a definite purpose or period, was not a contract by the minor, within the contemplation of the statute; and this question of law is the sole question presented for decision on this appeal.

On this state of facts, the court excluded all the evidence and directed a verdict for defendant. This action of the court was correct. The statute upon which the prosecution was

based (Code 1892, § 1068, as amended; Acts 1900, ch. 102, p. 140) is highly penal, and must be strictly construed. Proof that the laborer who was enticed away, knowingly employed, or induced to leave the employer, himself contracted with the employer, is indispensable to a conviction. The language of the statute will not be extended by construction to a contract made for a minor by his natural guardian. If, as a matter of policy, this ought to be done, it is for the legislature, and not for the courts, to make the necessary amendment to the statute.

*Affirmed.*